IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| VINCENT JONES, | |
| Plaintiff, | CIVIL ACTION NO.: 4:20-cv-00007 |
| v. | |
| PVHA/SIMS-SAVANNAH COMMONS, LLC; THRIVE SENIOR LIVING, LLC; and JOYCE CROWDER-MCBRIDE | |
| Defendants. | |

**O R D E R**

Presently before the Court are Defendants PVHA/SIMS-Savannah Commons, LLC ("PVHA"), Joyce Crowder-McBride, and Thrive Senior Living, LLC's ("Thrive") separate Motions to Set Aside the Clerk's Entry of Default.[1] (Docs. 18, 21, 24.) Plaintiff Vincent Jones filed his Complaint initiating this action on January 6, 2020, (doc. 1), and shortly thereafter he filed an Amended Complaint on March 30, 2020, (doc. 8). In the Amended Complaint, he alleges that, while he was employed by PVHA and its successor, Thrive, they and/or their employee Crowder-McBride violated his rights under the Americans with Disabilities Act, discriminated against him on the basis of his race, breached the terms of his employment contract, and defamed his character. (See id.) Plaintiff contends that he properly effectuated service of process on each Defendant, but none of them filed an answer within the time required under the Federal Rules of

---

[1] Both Crowder-McBride and Thrive's motions are titled "Motion to Open Default and Set Aside Default Judgment." However, while the Clerk of Court has issued an entry of default against each of them, (doc. 17), the Court has not entered default *judgment*—which is separate and distinct from the entry of default—against any of these Defendants. See Fed. R. Civ. P. 55(b)(2). Thus, the Court interprets both Crowder-McBride and Thrive's motions as Motions to Set Aside the Clerk's Entry of Default.

Civil Procedure. (Doc. 16.) Accordingly, on April 29, 2020, he filed a Motion for Clerk's Entry of Default, (id.), and, the next day, the Clerk filed an Entry of Default against all three Defendants, (doc. 17). Defendants each subsequently filed a Motion to Set Aside Default. (Docs. 18, 21, 24.) For the following reasons, the Court **GRANTS** Defendants' Motions.

## BACKGROUND

According to the Amended Complaint, Plaintiff worked at Savannah Commons, a senior living facility, from approximately 2012 to 2015, and again from March 2017 until September 2019, when he was terminated. (Doc. 8, pp. 2, 4–5, 8.) When Plaintiff first worked at Savannah Commons (from 2012 to 2015), and when he resumed working there in 2017, the facility was owned by Defendant PVHA. (Id. at pp. 4, 8.) In June 2019, Thrive purchased the facility from PVHA and became Plaintiff's employer. (Id. at pp. 2, 4–6, 8.) Thrive fired Plaintiff from his position on September 12, 2019. (Id. at pp. 2, 6.) After his termination, Plaintiff filed a Charge of Discrimination—naming "Savannah Commons" as his employer—with the Equal Employment Opportunity Commission ("E.E.O.C.") on October 1, 2019, (doc. 8-1), and, on October 7, 2019, the E.E.O.C. issued a Right to Sue Notice, (doc. 8-2). Then, on January 22, 2020, Plaintiff filed a second charge of discrimination with the E.E.O.C., this time specifically naming Thrive as his employer. (Doc. 8-3.)

On January 6, 2020, Plaintiff filed his Complaint against PVHA and Thrive, alleging violations of the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"). (Doc. 1.) While summons were issued as to PVHA and Thrive, there is no indication that Plaintiff served either of those Defendants prior to filing an Amended Complaint on March 30, 2020, which added Crowder-McBride as a defendant and added claims for violations of the Civil Rights Act of 1866,

2

defamation, and breach of contract. (Doc. 8, pp. 16–21.) Summons were then issued as to Crowder-McBride. (Doc. 10.)

According to the Proof of Service filed on April 6, 2020, Crowder-McBride was personally served by a private process server on March 31, 2020. (Doc. 11.) According to two additional Proofs of Service filed on April 6, 2020, the summons for PVHA was served on an individual named Darrin Brown at "Savannah Commons, 1 Peachtree Drive, Savannah" on April 2, 2020, (doc. 12), and the summons for Thrive was also served on Darrin Brown at an unspecified location on April 6, 2020, (doc. 13). While no party seems to dispute that Brown is a Thrive employee, (doc. 14, p. 2; see also doc. 18-1), PVHA has presented evidence that Brown "is not an officer, managing agent, general agent, or employee of PVHA nor was he authorized to accept service on behalf of PVHA as a registered agent,"[2] (doc. 24, p. 11).

In support of its Motion to Set Aside Default, Thrive submitted the affidavit of Prasant Desai, who states that he is the "President of Savannah Commons, which is owned and operated by Thrive." (Doc. 18-2, p. 2.) In the affidavit, Desai explains "[u]pon service," Brown personally provided him with the documents. (Id.) Desai states that he let the "lawsuit [sit] on [his] desk" because "the added efforts and work" caused by the COVID-19 pandemic had "been significant." (Id. at pp. 2–3.) He explains that the facilities under his charge house some of the individuals "most vulnerable" to COVID-19 and that Thrive "[has] been working around the clock to ensure [its] facilities remain virus free." (Id. at p. 2.) Desai also explains that he knew that Thrive's liability insurance carrier had notice of Plaintiff's charge of discrimination against Thrive and he did not realize the served documents concerned a proceeding before "a different venue" from the

---

[2] According to PVHA's registered agent Alexia Pozar Hussey, PVHA operated the Savannah Commons senior living facility until the sale of the facility in June 2019. (Doc. 24, p. 11.) PVHA has not managed the facility and Hussey has not worked there since the sale. (Id.)

charge of discrimination, so he thought "the defense of this claim was being handled." (Id. at p. 3–4.) Based on the date of service, Thrive's deadline to file an answer (or pre-answer motion) was April 27, 2020. (Doc. 13.)

As to Crowder-McBride, by the time Plaintiff filed his Amended Complaint adding claims against her, she was no longer working for Thrive. (Doc. 21-2, p. 2.) In an affidavit, she states that, after being served with Plaintiff's Amended Complaint, she reached out to PVHA and someone told her that she was covered by PVHA and Thrive's insurance and "to not worry about" the lawsuit. (Id.) She further states she mistakenly believed that the person who told her this was still working for Thrive. (Id. at p. 3.) She also says that at some unspecified time later she tried reaching out to Thrive about the lawsuit but did not receive a response. (Id.) She attributed this to Thrive being busy with extra work caused by the COVID-19 pandemic and, as a result, she was "confident that the matter was being properly handled." (Id.) Based on the date she was served, Crowder-McBride's deadline for filing an answer (or pre-answer motion) was April 21, 2020. (Doc. 11.)

As to PVHA, after the process server personally served Brown, Plaintiff was concerned that Brown was not authorized to accept service on behalf of PVHA, so, on April 7, 2020, Plaintiff filed a Motion to Extend the Time for Serving PVHA. (Doc. 14.) On April 29, 2020, however, Plaintiff filed a Motion for Entry of Default Judgment as to all three Defendants. (Doc. 16.) The next day, the Clerk entered default against all three Defendants. (Doc. 17.) On May 13, 2020, Thrive and Crowder-McBride each filed a Motion to Set Aside Default, (docs. 18, 21), and an Answer to Plaintiff's Amended Complaint, (docs. 20, 23). According to her affidavit, Crowder-McBride did not realize that the lawsuit was not being handled for her by her former employer until she received the Motion for Entry of Default, at which time she "took action to respond and

rectify the situation[ by filing] an answer and the [Motion to Set Aside Default] within three business days of discovery of her mistake." (Doc. 21-2, pp. 3–4.) PVHA also filed a Motion to Set Aside Default on May 15, 2020. (Doc. 24.) Plaintiff filed Responses to all three Motions. (Docs. 28, 29, 31.)

The docket reflects that, on May 29, 2020—shortly after responding to the Motions to Set Aside—Plaintiff sent PVHA a request for waiver of service, which PVHA subsequently executed and filed with the Court. (See doc. 32.) Thrive and Crowder-McBride each filed a Reply, (docs. 35, 36), and Plaintiff filed a Sur-Reply, (doc. 38).

**DISCUSSION**

Thrive and Crowder-McBride assert that they can each show good cause for setting aside the Clerk's Entry of Default against them.[3] (Doc. 18-1, pp. 6–13; doc. 21-1, pp. 5–12.) PVHA, on the other hand, primarily argues that default should be set aside against it because it had not been properly served at the time the Clerk entered default. (Doc. 12, pp. 4–6.) The Court will address these arguments in turn.

**I.    Thrive and Crowder-McBride's Motions to Set Aside**

Thrive and Crowder-McBride both argue that the Clerk's Entry of Default against them should be set aside pursuant to Federal Rule Civil Procedure 55(c) on the basis of good cause. (Docs. 18, 21.) "It is within the discretion of the Court to set aside an entry of default." Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229, 236 (M.D. Fla. 1993) (citing Robinson v. U.S., 734 F.2d

---

[3] Thrive and Crowder-McBride also argue that the entry of default was premature and in error because the Clerk entered default on April 30, 2020—one day after Plaintiff filed his Motion—which did not give them an opportunity to respond. (Doc. 18-1, p. 5; doc. 21-1, p. 4.) While the docket text accompanying the Motion for Entry of Default does state that responses to Plaintiff's Motion for Entry of Default were "due by 5/13/2020," (see doc. 16), neither Defendant cites any authority providing that a party must be given time to respond to a motion to set aside default before the clerk may enter it. The Court's review of caselaw also reveals no such requirement. Since the Court finds that Thrive and Crowder-McBride have shown good cause to set aside the entry of default, it declines to further address this alternative argument.

5

735, 739 (11th Cir. 1984)). "[D]efaults are not favored in federal court and trials on the merits are the preferred method for resolving disputes." Ritts v. Dealers All. Credit Corp., 989 F. Supp. 1475, 1480 (N.D. Ga. 1997). The good cause requirement is a liberal standard; however, it is "not so elastic as to be devoid of substance." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted). While there is no precise formula for good cause, courts have considered the following factors: (1) whether the default was culpable or willful, (2) whether the defaulting party acted promptly to correct the default, (3) whether setting default aside would prejudice the adversary, (4) whether the defaulting party presents a meritorious defense, and (5) whether there was significant financial loss to the defaulting party. Id. Regardless of the factors a court uses, "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992). "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Compania Interamericana, 88 F.3d at 951–52.

Thrive argues that setting aside the entry of default against it is appropriate because it failed to respond to Plaintiff's Amended Complaint by mistake. (Doc. 18-1, pp. 1–2, 10.) It cites the increased workload caused by the COVID-19 pandemic, as well as Desai's mistaken belief that Thrive's insurance provider was aware of the case because it was already investigating and addressing Plaintiff's charge of discrimination with the E.E.O.C. (Id.) In response, Plaintiff argues that Thrive has not sufficiently explained how the COVID-19 pandemic delayed or prevented it from answering his Amended Complaint. (Doc. 28, p. 4.)

6

The Court, however, finds Thrive's explanation to be sufficient. Desai states that "the added work that comes with the COVID-19 pandemic has been significant." (Doc. 28-2, p. 2.) While Desai's affidavit could have provided more details about Thrive's situation and efforts, it is not difficult to see that the global spread of an infectious, deadly disease would have increased the workload for a facility housing some of the "most vulnerable of individuals," particularly in April 2020. (Id.) District courts within both this Circuit and our sister circuits have found the impact of the COVID-19 pandemic to provide sufficient reason to set aside an entry of default. See, e.g., Nutra Health, Inc. v. HD Holdings, Atlanta, Inc., No. 1:19-cv-05199-RDC, 2020 WL 6291478, at *4 (N.D. Ga. Sept. 18, 2020) ("Plaintiffs indicate that its [sic] failure to file a timely answer or otherwise respond to Defendants' Counterclaims were due in part to personal circumstances created by the COVID-19 pandemic."); Smith v. Red Rock Prods., LLC, No. 20-C-34, 2020 WL 5259058, at *2 (E.D. Wis. Sept. 3, 2020) ("Defendants' contentions are sufficient to explain the difficulties McKinney experienced retaining counsel as a result of the COVID-19 pandemic.").

Plaintiff also argues that Desai's claim that he was too busy to answer the Amended Complaint should be viewed with skepticism given the fact that his affidavit indicates that he had time to review it and realize it involved the same subject matter as Plaintiff's charge of discrimination with the E.E.O.C. (Doc. 28, pp. 4–7.) It is entirely plausible, however, that the increased workload and stress imposed upon Desai due to COVID-19 would cause him to misinterpret the documents that had been served and not realize that they concerned a separate proceeding, distinct from the E.E.O.C. charge. (Doc. 18-2, p. 4.) Plaintiff cites a district court opinion where the court stated that a corporate officer should "know enough to contact an attorney" when he is served with a summons and a complaint. (Doc. 28, p. 8 (citing Atlanta Gas Light Co. v. Semaphore Advert., Inc., 747 F. Supp. 715, 718 (N.D. Ga. 1990)). Of course, service in that

7

case did not occur during a pandemic, and the defendant in that case had waited ten months to move to set aside entry of default. Atlanta Gas Light Co., 747 F. Supp. at 718. Here, Thrive moved to set aside the entry of default less than two weeks after it was entered. (See docs. 17, 18.) In addition, Thrive filed its Answer to Plaintiff's Amended Complaint on the same day that it moved to set aside default, (doc. 20), demonstrating that it took prompt action to address the default upon becoming aware of it.

Thrive has also shown a potentially meritorious defense against Plaintiff's claims. "In deciding whether [a defendant] meets this factor, the Court examines both [its] motion to set aside the default and [its] answer." Joe Hand Promotions, Inc. v. Allen, No. 1:18-cv-127, 2018 WL 5087233, at *2 (S.D. Ga. Oct. 18, 2018) (citation omitted). Thrive's Answer asserts that Plaintiff failed to exhaust his administrative remedies prior to filing this action; that its decisions about Plaintiff's employment were based on legitimate, nondiscriminatory business reasons; that its allegedly defamatory comments were truthful; and that it did not breach any contract with Plaintiff. (Doc. 20, pp. 2–3.) This is enough to meet the very lenient meritorious defense requirement. See Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969) (per curiam) (defendant must show at least "a hint of a suggestion that he had a meritorious defense").[4]  Finally, Plaintiff argues that setting aside default would prejudice him because Thrive "falsely accused [him] of a crime." (Doc. 28, p. 10.) However, the truth of Thrive's accusations goes directly to the merits of Plaintiff's federal claims and his defamation claim, and the Court is mindful of the "strong policy of determining cases on their merits," Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993), and "not based on a single missed deadline," Perez v. Wells Fargo N.A., 774 F.3d 1329,

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981, as binding precedent.

1332 (11th Cir. 2014).  As such, Plaintiff is not able to show prejudice that would weigh against setting aside default.  For all these reasons, the Court **GRANTS** Thrive's Motion to Set Aside the Entry of Default.  (Doc. 18.)

Similarly to Thrive, Crowder-McBride attributes her failure to timely answer Plaintiff's Amended Complaint to "a mistake."  (Doc 21-1, p. 1.)  She explains that she reached out to her former employer and it explained to her that she "would most certainly be covered by" its insurance and to "not worry" about the suit.  (Doc. 21-2, p. 2.)  She also states that she tried to contact Thrive about the suit but could not get in touch with it, which she attributes to the pandemic.  (Id. at p. 3.) Plaintiff argues that Crowder-McBride's affidavit does not provide sufficient information to show good cause because she does not specify the individual with whom she spoke when she reached out to her former employer and she does not include any other details.  (Doc. 29, pp. 4–8.)  Plaintiff also argues that Crowder-McBride's testimony that she believed that the lawsuit was being handled "is not credible."  (Id. at pp. 8–9.)  While Crowder-McBride's affidavit could have been more detailed and her actions (and failures to act) were certainly not a model for how parties should respond to service of litigation documents, the Court does not believe her actions constitute something more than mere negligence.  Moreover, Crowder-McBride sought to correct her mistake soon after the entry of default, which suggests that her default was not willful.  See, e.g., Bibb Cty. Sch. Dist. v. Dallemand, No. 5:16-CV-549 (MTT), 2019 WL 2492281, at *3 (M.D. Ga. June 13, 2019) ("[P]rompt action to cure the default demonstrates that the delay was not willful."); Gray v. Mayberry, No. 3:18-CV-045, 2020 WL 1061359, at *2 (S.D. Ga. Feb. 3, 2020) ("[Defendant's] prompt response to entry of default is strong evidence of a cooperative spirit, with no malice or recklessness.").  In addition, like Thrive, Crowder-McBride puts forth a meritorious defense, (see doc. 23), and Plaintiff does not dispute that she has done so, (doc. 29, p. 12).  Finally, as the Court

9

has already explained, Plaintiff will not be prejudiced by this case being decided on the merits. Thus, on balance, the Court finds that Crowder-McBride has satisfied the good cause standard and **GRANTS** Crowder-McBride's Motion to Set Aside the Entry of Default.  (Doc. 21.)

## II.     PVHA's Motion to Set Aside

PVHA asserts that its Motion to Set Aside Default should be granted because it was never properly served with process.  (Doc. 24, pp. 4–6.)  In this Circuit, "[w]here service of process is insufficient, the entry of default is void and must be set aside." Instituform Techs., Inc. v. AMerik Supplies, Inc., 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (citing Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1368 (11th Cir. 1982)).  According to the record, Plaintiff's process server attempted to serve PVHA by personally serving Darrin Brown.  (Doc. 12.)  While, under Federal Rule of Civil Procedure 4(h), service of process on a corporation may be effected by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," PVHA has presented evidence that "Brown is not an officer, managing agent, general agent, or employee of PVHA nor was he authorized to accept service on behalf of PVHA as a registered agent or otherwise."  (Doc. 24, p. 11.)

While Plaintiff's position regarding the efficacy of the service on PVHA has appeared inconsistent, he has never actually posited that Brown was authorized to accept service on behalf of PVHA.  Initially—in his Motion to Extend the Time for Serving PVHA—he conceded that service on Brown may not have been sufficient, (doc. 14), but he nonetheless moved for entry of default against PVHA shortly thereafter, (doc. 16), prior to any ruling on his Motion for Extension of Time and apparently prior to making any further attempts to serve PVHA.  Most relevant for purposes of ruling on PVHA's Motion to Set Aside, however, is the fact that—in his Response to

10

the Motion to Set Aside—Plaintiff explicitly states that he does not oppose the Motion to Set Aside. (Doc. 31). He also makes no effort to dispute PVHA's evidence that Brown was not authorized to accept service on its behalf.[5] Accordingly, the Court **GRANTS** PVHA's Motion to Set Aside the Entry of Default. (Doc. 24.)

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants PVHA/SIMS-Savannah Commons, LLC, Joyce Crowder-McBride, and Thrive Senior Living, LLC's Motions to Set Aside the Entry of Default. (Docs. 18, 21, 24.) The default against Defendants in this case by the Clerk of Court is hereby set aside. The Court **ORDERS** the parties to conduct a Rule 26(f) conference within **fourteen (14) days** from the filing of this Order and to file a Rule 26(f) Report within **seven (7) days** from the Rule 26(f) conference. Failure to comply with these directives may result in the dismissal of this action or striking of the answer.

**SO ORDERED**, this 18th day of December, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] It also bears noting that, in late May 2020, apparently at or around the same time that he responded to PVHA's Motion to Set Aside, Plaintiff sent PVHA a request for a waiver of the service of summons, which PVHA executed and filed with the Court. (See doc. 32.) Since then, Plaintiff and PVHA have notified the Court that they have reached a settlement, (doc. 40), and they have requested that PVHA be dismissed from this case, (doc. 44), which the Court will address in a separate order.